**MCI, MCI TELECOMMUNICATIONS CORPORATION; MCIMetro Access Transmission Services, Inc., MCIMetro Access Transmission Services, Incorporated; Plaintiffs–Appellees,**

**United States of America; Federal Communications Commission, Intervenors–Appellees,**

v.

**MICHIGAN BELL TELEPHONE CO., doing business as Ameritech, Defendant–Appellant/Cross–Appellee,**

**Michigan Public Service Commission; John G. Strand; John C. Shea; David A. Svanda, Defendants–Appellees/Cross–Appellants.**

No. 00–1091, 00–1161, 00–1164.

United States Court of Appeals, Sixth Circuit.

June 19, 2002.

Before KRUPANSKY, SUHRHEINRICH, and COLE, Circuit Judges.

## OPINION

PER CURIAM.

This case concerns an interconnection agreement between Michigan Bell Telephone Company d/b/a/ Ameritech ("Ameritech") and MCI Telecommunications Corporation and MCIMetro Access Transmission Services, Inc. (collectively "MCI"). The parties negotiated the agreement pursuant to the Telecommunications Act of 1996 ("the Act"), Pub.L. No. 104–104, 110 Stat. 56 (codified as amended in scattered sections of 47 U.S.C.), to allow MCI's entrance into the local telephone service provider market in the Detroit metropolitan area, a market that Ameritech had previously held as a monopoly. The Michigan Public Service Commission ("MPSC") arbitrated the issues that the parties could not resolve through negotiation and approved the final agreement, as required by the Act. Ameritech appeals the decision of the district court affirming the MPSC's approval of the parity provision proposed by MCI in the interconnection agreement. Ameritech alleges the agreement's performance benchmarks and penalties do not comply with § 251 of the Act, which requires that the terms of the agreement be "nondiscriminatory." The MPSC and Commissioners John Strand, John Shea, and David Svanda (collectively "the State Defendants") cross-appeal the district court's order denying their motion to be dismissed as defendants for lack of subject matter jurisdiction, based primarily on Tenth and Eleventh Amendment grounds. The United States and the FCC participate as intervenors, arguing,

along with MCI and Ameritech, that the State Defendants are properly before this Court.

We have already determined that the Tenth Amendment is no bar to suit under the Act. *See Mich. Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 868 (6th Cir.2000). Recently, in *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, — U.S. —, 122 S.Ct. 1753, — L.Ed.2d — (2002), the Supreme Court resolved the Eleventh Amendment sovereign immunity issue. Under the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), federal courts may exercise jurisdiction over state commissioners acting in their official capacity, the Eleventh Amendment notwithstanding. *See Verizon*, — U.S. at — – —, 122 S.Ct. at 1760–61. Hence, there is no question that we have jurisdiction over this case.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in its judgment. Because the district court carefully analyzed the relevant factual and legal issues, the issuance of a detailed written opinion by this Court would be unnecessarily duplicative. Accordingly, the judgment of the district court is AFFIRMED upon the reasoning of that court in its written opinions.